IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| GREGORY WALDEN, | * | |
| Plaintiff, | * | |
| v. | * | CV 114-158 |
| CSX CORPORATION, INC., | * | |
| Defendant. | * | |

## O R D E R

Before the Court is Defendant's unopposed motion to dismiss. (Doc. no. 5.) For the reasons stated herein, the motion is **GRANTED**.

## I. BACKGROUND

On June 24, 2014, Plaintiff filed a personal injury claim in the State Court of Richmond County, Georgia, alleging that he sustained injuries during a train accident in Richmond County on June 24, 2012, due to the negligence of CSX Corporation ("CSX"). (Compl., Ex. A.) Plaintiff alleges in the state action that a CSX-owned train dragged him approximately fifty feet and that he was hospitalized for three months after the accident. (Id. ¶¶ 4-21.)

On July 23, 2014, Defendant removed the action to this Court, then filed a motion to dismiss. (Doc. no. 5.) Defendant argues that (1) the Court lacks personal jurisdiction over Defendant; (2) Plaintiff failed to properly serve Defendant prior to removal; (3) Plaintiff's complaint fails to state a claim upon which relief may be granted; and (4) Plaintiff's claims are barred by the applicable statute of limitations because service was not accomplished prior to the expiration of the limitations period. Defendant insinuates that Plaintiff sued the wrong entity: CSX Transportation ("CSXT"), a subsidiary of CSX, may have been a more appropriate defendant. Plaintiff has not responded to Defendant's motion.

## II. DISCUSSION

Defendant argues that Plaintiff's claims must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. "A federal court sitting in diversity undertakes a two-step inquiry in determining whether personal jurisdiction exists: the exercise of jurisdiction must (1) be appropriate under the state long-arm statute and (2) not violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution." Diamond Crystal

2

Brands v. Food Movers Int'l, 593 F.3d 1249, 1257-58 (11th Cir. 2010). A plaintiff seeking the exercise of personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction. Id. at 1257. Where, as here, the defendant challenges jurisdiction by submitting affidavit evidence in support of its position, "the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction." Id.

Georgia's long-arm statute "imposes independent obligations that a plaintiff must establish for the exercise of personal jurisdiction that are distinct from the demands of procedural due process." Id. at 1259. Specifically, the statute confers personal jurisdiction over nonresidents only as to a cause of action arising from any of the acts, omissions, ownership, use, or possession enumerated in the statute if in person or through an agent, he or she:

> (1) transacts any business within the state;
>
> (2) commits a tortious act or omission within the state, except as to a cause of action for defamation of character arising from the act;
>
> (3) commits a tortious injury in this state caused by an act or omission outside this state if the tort-feasor regularly does or solicits business, or

> engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;
>
> (4) owns, uses, or possesses any real property situated within this state . . . ."

O.C.G.A. § 9-10-91.

Here, Defendant argues that CSX is a Virginia corporation with its principal place of business in Florida. CSX is a holding company which owns various subsidiaries, including CSXT. As a result, CSX does not operate a railroad and has never constructed, maintained, or operated a railroad in Georgia or anywhere else. Additionally, Defendant asserts that it does not maintain an office or conduct business in Georgia, is not licensed to do business in Georgia, and has no agent in Georgia for the purpose of accepting service of process. In sum, Defendant has no contacts in the state and asserts that it does not fall into any of the categories listed in the statute.

Even if a related entity such as CSXT may be subject to personal jurisdiction due to an alleged tortious act in the state, Defendant contends that mere ownership of a subsidiary is not sufficient to justify the exercise of personal jurisdiction over a nonresident corporate parent. See e.g.,

4

Drumm Corp. v. Wright, 755 S.E.2d 850, 854 (2014)("So long as a parent and subsidiary maintain separate and distinct corporate entities, the presence of one in a forum state may not be attributed to the other.")(quoting Vogt v. Greenmarine Holding, LLC, 2002 WL 534542, *4 (N.D. Ga. Feb. 20, 2002)). Plaintiff has not rebutted Defendant's argument. Therefore, the Court finds that Defendant is not subject to personal jurisdiction under Georgia's long-arm statute. The Court need not address Defendant's other arguments in favor of dismissing Plaintiff's claims because resolution of the personal jurisdiction issue is dispositive.

### III. CONCLUSION

For the reasons stated herein, **IT IS ORDERED** that Defendant's motion to dismiss (doc. no. 5) is **GRANTED** and Plaintiff's complaint is **DISMISSED WITH PREJUDICE**. The Clerk is directed to terminate all pending motions and deadlines and **CLOSE** this case.

ORDER ENTERED at Augusta, Georgia, this ____ day of _____, 2015.

Honorable J. Randal Hall
United States District Judge
Southern District of Georgia